# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/22/2018 07:04 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Coleman, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Neil S. Steiner, Esq.  SBN 98606<br>Steiner & Libo, Professional Corporation<br>433 N. Camden Drive, Suite 730<br><br>Beverly Hills, CA 90210<br>TELEPHONE NO.:  310-273-7778    FAX NO.:  310-273-7679<br>ATTORNEY FOR (Name):  Plaintiff, James Stevens | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS: 312 N. Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central Judicial District

CASE NAME:  Stevens v. The Neiman-Marcus Group, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):  Two
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date:  January 4, 2019
Neil S. Steiner, Esq. SBN 98606
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Stevens v. The Neiman-Marcus Group, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Asbestos (04)** | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☒ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4
LA-CV109

| SHORT TITLE: Stevens v. The Neiman-Marcus Group, Inc. | CASE NUMBER |
|---|---|

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: Stevens v. The Neiman-Marcus Group, Inc. | | CASE NUMBER |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 6, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 9, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Stevens v. The Neiman-Marcus Group, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: 9700 Wilshire Blvd. |
|---|---|
| ☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | |

| CITY: Beverly Hills | STATE: CA | ZIP CODE: 90212 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central Judicial</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>January 4, 2019</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Neil S. Steiner, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

5/10/19   1:10?

19STCV01917

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** The Neiman-Marcus Group, Inc., a
*(AVISO AL DEMANDADO):* business entity form unknown; The
Neiman Marcus Group, LLC., a business entity form
unknown, and does 1 to 50, Inclusive

ORIGINAL FILED

APR 1 5 2019

LOS ANGELES
SUPERIOR COURT

**YOU ARE BEING SUED BY PLAINTIFF:** James Stevens, a minor
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* by and through his
guardian ad litem, Tanya Brown

Electronically Received 01/22/2019 03:14

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.**

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*  19STCV01917

Superior Court of California County of Los Angeles
312 N. Spring Street
Los Angeles, CA 90012
Central Judicial District (Civil Unlimited Jurisdiction)

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

310-273-7778      fax:310-273-7679

Neil S. Steiner, Esq. SBN 98606
Steiner & Libo, Professional Corporation
433 N. Camden Drive, Suite 730
Beverly Hills, CA 90210

DATE:  APR 1 5 2019                     Clerk, by _____ MARIA E. VALENZUELA _____, Deputy
*(Fecha)*  SHERRI R. CARTER              *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* THE NEIMAN MARCUS GROUP, LLC., A BUSINESS ENTITY FORM UNKNOWN

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [X] by personal delivery on *(date):*  5/10/19

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CIV-010

ATTORNEY *(Name, State Bar number, and address):*
Neil S. Steiner, Esq. SBN 98606
Steiner & Libo, Professional Corporation
433 N. Camden Drive, Suite 730

Beverly Hills, CA 90210
TELEPHONE NO.: 310-273-7778   FAX NO. *(Optional):* 310-273-7679
E-MAIL ADDRESS *(Optional):* steinlibo@aol.com
ATTORNEY FOR *(Name):* Plaintiffs

FOR COURT USE ONLY

COPY

FILED
Superior Court of California
County of Los Angeles

APR 1 2 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS: 312 N. Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central Judicial District

PLAINTIFF/PETITIONER: James Stevens, a minor by and through
his guardian ad litem, Tanya Brown
DEFENDANT/RESPONDENT: The Neiman-Marcus Group, Inc., et.al.

| APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL  [X] EX PARTE | CASE NUMBER: 19 STCV 01917 |
|---|---|

**NOTE:** *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Tanya Brown
   a. [X] the parent of *(name):* James Stevens
   b. [ ] the guardian of *(name):*
   c. [ ] the conservator of *(name):*
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Tanya Brown
   1009 11th Avenue
   Hopkins, MN 55343
   Phone: 952-994-0535

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   James Stevens
   1009 11th Avenue
   Hopkins, MN 55343
   Phone: 952-994-0535

4. The person to be represented is:
   a. [X] a minor *(date of birth):* 2/26/2007
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Minor, James Stevens was injured while on the premesis of Defendants and as
      a result of this incident the minor, James Stevens, sustained severe
      injuries and damages.

   [ ] Continued on Attachment 5a.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Legal
Solutions
Plus

Code of Civil Procedure,
§ 372 et seq.

Electronically Received 04/02/2019 02:59 PM

CIV-010

| PLAINTIFF/PETITIONER: James Stevens, a minor by and through his guardian ad litem, Tanya Brown | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Neiman-Marcus Group, Inc., et al. | |

5. b. [X] more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. [X] the person named in item 3 has no guardian or conservator of his or her estate.

d. [ ] the appointment of a guardian ad litem is necessary for the following reasons (specify):

[ ] Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. [X] related (state relationship): Parent, Mother of James Stevens

b. [ ] not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competence or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed.)

[ ] Continued on Attachment 7.

Neil S. Steiner
(TYPE OR PRINT NAME)                                          (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 9, 2019

Tanya Brown
(TYPE OR PRINT NAME)                                          (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: January 9, 2019

Tanya Brown
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

ORDER [X] EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Tanya Brown is hereby appointed as the guardian ad litem for (name): James Stevens for the reasons set forth in item 5 of the application.

Date: APR 12 2019

WENDY CHANG                                          (JUDICIAL OFFICER)

[X] SIGNATURE FOLLOWS LAST ATTACHMENT

COPY

Electronically FILED by Superior Court of California, County of Los Angeles on 01/22/2019 03:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Coleman,Deputy Clerk
19STCV01917

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Christopher Lui

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Neil S. Steiner, Esq. SBN 98606<br>Steiner & Libo, Professional Corporation<br>433 N. Camden Drive, Suite 730<br><br>Beverly Hills, CA 90210<br>TELEPHONE NO: 310-273-7778    FAX NO. *(Optional)*: fax: 310-273-7679<br>E-MAIL ADDRESS *(Optional)*: steinlibo@aol.com<br>ATTORNEY FOR *(Name)*: Plaintiff, James Stevens | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 N.Spring Street
MAILING ADDRESS: 312 N.Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central Judicial District

PLAINTIFF: James Stevens, a minor by and through his guardian ad litem, Tanya Brown

DEFENDANT: The Neiman-Marcus Group, Inc., a business entity form unknown; The Neiman Marcus Group, LLC., a business entity form unknown, and
[X] DOES 1 TO 50, inclusive

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number):*

Type *(check all that apply):*
[ ] MOTOR VEHICLE    [X] OTHER *(specify):* Premises Liability
    [ ] Property Damage    [ ] Wrongful Death
    [ ] Personal Injury    [X] Other Damages *(specify):* General Negligence and Strict Liability

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded    [ ] does not exceed $10,000
                 [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

1. Plaintiff *(name or names):* James Stevens, a minor by and through his guardian ad litem, Tanya Brown
    alleges causes of action against defendant *(name or names):* The Neiman-Marcus Group, Inc., The Neiman Marcus Group, LLC. and Does 1 to 50, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages: EIGHT

3. Each plaintiff named above is a competent adult
  a. [ ] except plaintiff *(name):*
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor [ ] an adult
        (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
        (b) [ ] other *(specify):*
    (5) [ ] other *(specify):*

  b. [ ] except plaintiff *(name):*
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor [ ] an adult
        (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
        (b) [ ] other *(specify):*
    (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 425.12 |

PLD-PI-001

| SHORT TITLE: Stevens v. The Neiman-Marcus Group, Inc. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):

is doing business under the fictitious name (specify):

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ except defendant (name): The Neiman-Marcus Group, Inc.

   (1) ☒ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

b. ☒ except defendant (name): The Neiman Marcus Group, LLC.

   (1) ☒ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

c. ☐ except defendant (name):

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

d. ☐ except defendant (name):

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):

   (5) ☐ other (specify):

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. ☒ Doe defendants (specify Doe numbers): 1 to 25, inclusive were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. ☒ Doe defendants (specify Doe numbers): 26 to 50, inclusive are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because

a. ☐ at least one defendant now resides in its jurisdictional area.
b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and

a. ☐ has complied with applicable claims statutes, or
b. ☐ is excused from complying because (specify):

PLD-PI-001(4)

| SHORT TITLE: Stevens v. The Neiman-Marcus Group, Inc. | CASE NUMBER: |
|---|---|

_One_ _____  CAUSE OF ACTION—Premises Liability   Page _Four_
(number)

ATTACHMENT TO [X] Complaint  [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* James Stevens, a minor by and through his guardian at litem, Tanya Brown
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* October 29, 2017  plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*
On October 29, 2017 at approximately 6:00 p.m. Plaintiff James Stevens, sustained injuries and damages while at Defendants Premesis, The
Neiman-Marcus Store located at 9700 Wilshire Blvd, Beverly Hills, California (hereinafter, referred to as "the premises"). Plaintiff was injured
as a direct result of Defendants and each of them, failing to maintain and/or negligently inspect and maintain the premesi and by allowing a
dog to be on the premises. At said time and place, Plaintiff sustained injuries when a dog that was on Defendants premises, suddenly attacked,
lunged at and bit down onto Plaintiff, James Steven's shorts, causing injuries and damages to Plaintiff. The dog being negligently maintained
and controlled by Defendants on their premesis, created a dangerous condition on the premesis. As a direct result of Defendants failure to
maintain and control their property and keep their property free from dangerous conditions and as a result of Defendants failure to warn of this
danger, Plaintiff sustained injuries and damages. By the exercise of reasonable and ordinary care, Defendants knew, or should have known that
the dog posed a dangerous condition and thereby could have prevented the incident. As a proximate result of the conduct of Defendants,
Plaintiff sustained injuries, severe emotional distress and damages.

Prem.L-2.   [X] **Count One--Negligence** The defendants who negligently owned, maintained, managed and operated
the described premises were *(names):* The Neiman-Marcus Group, Inc.; The Neiman
Marcus Group, LLC and

[X] Does _1_____ to _50_____

Prem.L-3.   [X] **Count Two--Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):* The Neiman-Marcus Group, Inc.; The Neiman Marcus Group,
LLC and
[X] Does _1_____ to _50_____
Plaintiff, a recreational user, was  [X] an invited guest  [X] a paying guest.

Prem.L-4.   [ ] **Count Three--Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were *(names):*

[ ] Does _____ to _____
a. [ ]   The defendant public entity had  [ ] actual  [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ]   The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were *(names):*

[X] Does _1_____ to _50_____

b. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
described in attachment Prem.L-5.b [X] as follows *(names):* Plaintiff is ignorant of the true names and
capacities of the defendants designated herein as does 1 to 50, inclusive, and therefore sue these defendants by fictitious names.
Plaintiff is informed and believes therefore alleges that each of the defendants designated as a DOB is legally responsible in some
manner for the events & happenings herein referred to. Plaintiff will amend this complaint once the true names are ascertained.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]        CAUSE OF ACTION—Premises Liability        Code of Civil Procedure, § 425.12

Legal
Solutions
& Plus

PLD-PI-001(2)

| SHORT TITLE: Stevens v. The Neiman-Marcus Group, Inc. | CASE NUMBER: |
|---|---|

___Second___      **CAUSE OF ACTION—General Negligence**      Page ___Five___
(number)

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*   James Stevens, a minor by and through his guardian ad litem, Tanya Brown

alleges that defendant *(name):*   The Neiman-Marcus Group, Inc., a business entity form unknown; The Neiman Marcus Group, LLC., a business entity form unknown and

[X] Does __1__ to __50, inclusive__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* October 29, 2017

at *(place):* at The Neiman-Marcus Store, located at 9700 Wilshire Blvd., Beverly Hills, CA and in the county of Los Angeles.

*(description of reasons for liability):*

GN-2 Plaintiff repeats, re-alleges and incorporates by reference all of the preceding allegations of this complaint as though they were stated herein in full.

GN-3 Defendants and each of them, are the owners, occupiers and/or lessors of the premises, Neiman-Marcus Store, located at 9700 Wilshire Blvd. in the City of Beverly Hills, California, 90210, and as such had the duty to inspect their premises for dangerous conditions that might result in injury, to maintain their premises in a reasonable and safe condition for use by guests and the public to prevent injury and/or to warn of hazards that might cause injury. Defendants breached these duties.

GN-4 Plaintiff was injured as a result of defendants, and each of them, failing to maintain and/or negligently inspected and maintained the premises, upon which plaintiff was bitten by a dog that was on the premises. As a proximate result of the conduct of defendants and each of them, plaintiff sustained severe injuries and damages.

GN-5 Defendants and each of them, were negligent in that they failed to maintain the subject premises despite having knowledge and/or the ability to have knowledge of the dangerous condition, and took no action to warn, Plaintiff and/or allowed the dangerous condition to exist for such a length of time that if defendants had exercised reasonable care in inspecting the premises, they would have discovered that the dog on the premesis created a dangerous condition and it would have allowed Defendants time to remedy it or give warning before Plaintiff was injured.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Legal
Solutions
© Plus

| SHORT TITLE: James Stevens, by and through his guardian ad litem, Tanya Brown v. The Neiman-Marcus Group, Inc., et. al. | CASE NUMBER: |
| --- | --- |

## THIRD CAUSE OF ACTION

### STRICT LIABILITY PURSUANT TO *CIVIL CODE* § 3342

### (By Plaintiff James Stevens, by and through his guardian ad litem against all Defendants and Does 1-50)

1.   Plaintiff repeats, re-alleges and incorporates by reference all of the preceding paragraphs as if they were stated herein in full.

2.   The true names and capacities, whether individual, plural, corporate, partnership or otherwise, of defendants sued herein as DOES 1 through 50, Inclusive, are unknown to plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is the agent and the employees of each of the remaining defendants and in doing the things herein alleged, was acting within the course and scope of such agency and employment and is negligently or unlawfully responsible in some manner for the occurrences herein alleged, and negligently or unlawfully caused damages proximately resulting therefrom to plaintiff as herein alleged. Plaintiff will ask leave of the court to amend this Complaint to allege the true names and capacities when ascertained.

3.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned and material hereto, defendants  THE NEIMAN- MARCUS GROUP, INC.; THE NEIMAN MARCUS GROUP, LLC, and Does 1 to 50, inclusive, were the owners and/or lesees of the premises and/or keeper of a certain dog that was kept at Defendants premises, The Neiman Marcus Store is located at 9700 Wilshire Blvd, Beverly Hills, California 90212.

4.   Plaintiff was walking near defendant's dog when suddenly and without warning it lunged, attacked-at and bit down on plaintiff's shorts, injuring Plaintiff. Plaintiff was lawfully on the premises when the incident occurred.

5.   Plaintiff is informed, believes and alleges that defendants and each of them knew or should have known that the dog that bit and/or attacked plaintiff had a vicious temperament and

//

| SHORT TITLE: James Stevens, by and through his guardian ad litem, Tanya Brown  v.  The Neiman-Marcus Group, Inc., et. al. | CASE NUMBER: |
|---|---|

Page SEVEN

disposition, and/or possessed dangerous propensities and was likely to attack and/or injure human beings and/or it was forseeable that the dog could attack, or bite human beings creating a dangerous condition on Defendants premises.

6.    Plaintiff is informed, believes and alleges that pursuant to the provisions of California *Civil Code* § 3342, defendants and each of them had a duty to keep their dog properly contained, controlled, restrained or enclosed on and within the premises.

7.    Plaintiff is informed, believes and alleges that pursuant to the provisions of California *Civil Code* § 3342, defendants and each of them had a duty to provide a warning if the dog was, or could be, of a vicious temperament, disposition and/of dangerous propensity on the premises.

8.    Plaintiff is informed, believes and alleges that section 3342 imposes strict liability for the breach of duty to keep a dog properly contained, controlled, restrained or enclosed on or within one's property and for failing to provide a warning if there is a dog of vicious temperament, disposition or dangerous propensities on this premesis.

9.    Plaintiff is informed, believes and alleges that defendants and each of them failed to keep the dog that bit plaintiff properly contained, supervised, controlled, restrained or enclosed on the premises such that it was a danger to persons walking on or near the premises.

10.    Plaintiff is informed, believes and alleges that defendants and each of them failed to provide any warnings that there was a dog of vicious temperament, disposition and dangerous propensities on the premises.

11.    As a direct and proximate result of the conduct of defendants and each of them, including breaching the obligations imposed under *Civil Code* § 3342, plaintiff was bitten by defendants' dog and suffered injury.

| SHORT TITLE: James Stevens, by and through his guardian ad litem, Tanya Brown v. The Neiman-Marcus Group, Inc., et. al. | CASE NUMBER: |
|---|---|

Page EIGHT

12. As a direct and proximate result of the conduct, acts and omissions of defendants and each of them, plaintiff was hurt and injured in his health, strength and activity, sustaining injuries to his person and nervous system, all of which have caused and continue to cause him severe emotional distress, great mental, physical and nervous pain and suffering. The precise amount of plaintiff's damages has not yet been determined but is believed to be in excess of the jurisdiction of the Unlimited Superior Court, according to proof at trial.

13. On October 29, 2017, at approximately 6:00 p.m. plaintiff, at Defendants PREMISES, At the said time and place plaintiff was suddenly attacked by a dog who suddenly came at and jumped out and attacked, clawed, bit, mauled and seriously injured plaintiff.

14. As a proximate result of the actions of defendants' dog, plaintiff sustained serious injuries as well as severe emotional injuries and severe emotional distress.

15. As a proximate result of the actions of defendants' dog, plaintiff was hurt and injured in his health, strength and activity, sustaining injuries to his person and nervous system, all of which have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering, and severe emotional distress.

16. Further, plaintiff is informed and believes and thereon alleges that these injuries will result in permanent disability and/or injury.

17. As a direct and proximate result of the actions of defendants alleged above, plaintiff has suffered general damages in a sum which is currently un-ascertained, but which will be determined prior to trial.

18. As a further direct and proximate result of the actions of defendants alleged above, plaintiff has been damaged, in that he has been required to expend money and incur obligations and will continue to incur obligations for medical services, drugs, x-rays and various items reasonably required in the treatment and relief of the injuries, including emotional and mental injuries, alleged herein. The full amount of these expenses is not known to plaintiff at this time. Plaintiff will seek leave of the court to amend this complaint to state the true amount when the full nature and extent of plaintiff's injuries has been ascertained.

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | FOR COURT USE ONLY |
|---|---|
| Neil Steiner   TELEPHONE NO.: (310) 273-7778   SBN: 98606 Steiner & Libo, Professional Corporation 433 N. Camden Dr., Suite 730, Beverly Hills, CA 90210 fax number: (310) 273-7679   email: steinlibo@aol.com ATTORNEY FOR (name): James Stevens | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF: JAMES STEVENS etc.
DEFENDANT: THE NEIMAN-MARCUS GROUP, INC., etc. et al.

| | CASE NUMBER: |
|---|---|
| STATEMENT OF DAMAGES (Personal Injury or Wrongful Death) | 19STCV01917 |

To (name of one defendant only):  The Neiman Marcus Group, LLC
Plaintiff (name of one plaintiff only): James Stevens, a minor by and through his guardian ad litem Tanya Brown
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

a. [X] Pain, suffering, and inconvenience ............................................... $ 2,000,000

b. [ ] Emotional distress. ................................................................. $ _____

c. [ ] Loss of consortium ................................................................. $ _____

d. [ ] Loss of society and companionship (wrongful death actions only) ........... $ _____

e. [ ] Other (specify) ..................................................................... $ _____

f. [ ] Other (specify) ..................................................................... $ _____

g. [ ] Continued on Attachment 1.g.

**2. Special damages**

a. [X] Medical expenses (to date) ....................................................... $ 5,000

b. [X] Future medical expenses (present value) ...................................... $ 50,000

c. [ ] Loss of earnings (to date) ....................................................... $ _____

d. [ ] Loss of future earning capacity (present value) ............................. $ _____

e. [ ] Property damage ................................................................... $ _____

f. [ ] Funeral expenses (wrongful death actions only) .............................. $ _____

g. [ ] Future contributions (present value) (wrongful death actions only) ....... $ _____

h. [ ] Value of personal service, advice, or training (wrongful death actions only) ..... $ _____

i. [ ] Other (specify) ..................................................................... $ _____

j. [ ] Other (specify) ..................................................................... $ _____

k. [ ] Continued on Attachment 2.k.

**3.** [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ _____
        when pursuing a judgment in the suit filed against you.

Date:  5/2/19

Neil Steiner
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]
**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)
Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

PLD-PI-001

| SHORT TITLE: Stevens v. The Neiman-Marcus Group, Inc. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. ☐ Motor Vehicle
b. ☒ General Negligence
c. ☐ Intentional Tort
d. ☐ Products Liability
e. ☒ Premises Liability
f. ☒ Other *(specify)*: Strict Liability (See attachments, pages six, seven and eight)

11. Plaintiff has suffered
a. ☒ wage loss
b. ☒ loss of use of property
c. ☒ hospital and medical expenses
d. ☒ general damage
e. ☒ property damage
f. ☒ loss of earning capacity
g. ☒ other damage *(specify)*: Plaintiff was injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and also severe emotional and mental injury, all of which caused and continue to cause great physical, mental, emotional, nervous pain and suffering. Plaintiff, has incurred and continues to incur medical bills.  As a result Plaintiff has been damaged in an extent not yet known, but exceeding the unlimited jurisdiction of the Superior Court.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
a. ☐ listed in Attachment 12.
b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
a. (1) ☒ compensatory damages
    (2) ☐ punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
    (1) ☒ according to proof
    (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows: *(specify paragraph numbers):*
ALL PARAGRAPHS

Date: January 4, 2019

Neil S. Steiner, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 (Rev. January 1, 2007)          COMPLAINT—Personal Injury, Property          Page 3 of 3
Damage, Wrongful Death

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

**APR 16 2018**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES, CENTRAL DISTRICT (EFFECTIVE APRIL 16, 2018) | ) CASE NO.: <br> ) <br> ) STANDING ORDER RE: PERSONAL <br> ) INJURY PROCEDURES, CENTRAL <br> ) DISTRICT <br> ) <br> ) |

---

**DEPARTMENT:**        2        3        4        5        7

**FINAL STATUS CONFERENCE ("FSC"):**

- DATE: _____ AT 10:00 A.M.

**TRIAL:**

- DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1. To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

"an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

A7260 Product Liability (not asbestos or toxic/environmental)

A7210 Medical Malpractice – Physicians & Surgeons

A7240 Medical Malpractice – Other Professional Health Care Malpractice

A7250 Premises Liability (e.g., slip and fall)

A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Page 2 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1      The Court sets the above dates in this action in the PI Court circled above (Department

2   2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3   (C.R.C. Rules 3.714(b)(3), 3.729.)

4   **FILING OF DOCUMENTS**

5   2.    Parties may file documents in person at the filing window on the first floor of the Stanley

6   Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7   which is available online at _www.lacourt.org_ (link on homepage). Please note that filings are no

8   longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9   Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10   legally incompetent person, or person for whom a conservator has been appointed, requests to

11   waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12   410), may not be filed via e-Delivery.

13   **SERVICE OF SUMMONS AND COMPLAINT**

14   3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15   soon as possible but no later than three years from the date when the complaint is filed.

16   (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will

17   dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18   or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19   4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20   service on defendant(s) of the summons and complaint within six months of filing the complaint.

21   5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22   party appears for trial.

23   **STIPULATIONS TO CONTINUE TRIAL**

24   6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25   § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26   good cause or articulating any reason or justification for the change.  To continue or advance a

27   trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28   window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2   LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3   schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to

4   continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5   date.  Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6   court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.

7   (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8   following a court holiday.  Parties may submit a maximum of two stipulations to continue trial,

9   for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10  a showing of good cause by noticed motion.  This rule is retroactive so that any previously

11  granted stipulation to continue trial will count toward the maximum number of allowed

12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.      The PI Courts do not conduct Case Management Conferences.  The parties need not file

15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.   Any documents with declarations and/or exhibits must be tabbed.  (C.R.C. Rule

18  3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts

19  attached as exhibits.  (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.      In addition to filing original motion papers at the filing window on the first floor of the

22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27  or more three-ring binders organizing the chambers copy behind tabs.

28  ///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.    Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

2018-SJ-007-00

1    IDC.

2         If parties do not stipulate to extend the deadlines, the moving party may file the motion

3    to avoid it being deemed untimely.   However, the IDC must take place before the motion is

4    heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5    60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6    Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7    the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8    that complies with the notice requirements of the Code of Civil Procedure.

9    14.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10   www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

11   dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation

12   requestor must file in the appropriate department and serve an Informal Discovery Conference

13   Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14   prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15   party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16   least 10 court days prior to the IDC.

17   15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18   resolve other types of discovery disputes.

19   **EX PARTE APPLICATIONS**

20   16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21   showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22   "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23   ex parte." (C.R.C. Rule 3.1202(c).)  The PI Courts have no capacity to hear multiple *ex parte*

24   applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25   Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26   danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27   relief, the moving party should reserve the earliest available motion hearing date (even if it is

28   after the scheduled trial date) and should file a motion to continue trial. Parties should also check

Page 6 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   the Court Reservation System from time to time because earlier hearing dates may become

2   available as cases settle or hearings are taken off calendar.

3   **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4   17.   Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5   Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.

6   mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury

7   Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under

8   the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a

9   "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether

10   a personal injury case is "complicated" the PI Courts will consider, among other things, the

11   number of pretrial hearings or the complexity of issues presented.

12   18.   Parties opposing a motion to transfer have five court days to file (at the filing window

13   on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition

14   (using the same LACIV 238 Motion to Transfer form).

15   19.   The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16   Although the parties may stipulate to transfer a case to an Independent Calendar Department, the

17   PI Courts will make an independent determination whether to transfer the case or not.

18   **FINAL STATUS CONFERENCE**

19   20.   Parties shall comply with the requirements of the PI Courts' "First Amended Standing

20   Order Re Final Status Conference," which shall be served with the summons and complaint.

21   **JURY FEES**

22   21.   Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23   complaint. (C. C. P. § 631, subds. (b) and (c).)

24   **JURY TRIALS**

25   22.   The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

26   Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

27   will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal

28   Courtrooms.

2018-SJ-007-00

**SANCTIONS**

23.    The Court has discretion to impose sanctions for any violation of this general order.
(C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated:  *April 16, 2018*

*Debre K Weintraub*
Debre K. Weintraub
Supervising Judge of Civil Courts
Los Angeles Superior Court

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT")  PROCEDURES, **CENTRAL DISTRICT** (EFFECTIVE APRIL 16, 2018) | ) CASE NO.: 19STCV01917 ) ) STANDING ORDER RE:  PERSONAL ) INJURY PROCEDURES, CENTRAL ) DISTRICT ) ) |

---

**DEPARTMENT:**    2 ☐    3 ☐    4 ☒    5 ☐    7 ☐

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** 7·7·20 _____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** 7·21·20 _____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** 1-18-22 _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

2010-SJ-007-00

1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

"an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

A7260 Product Liability (not asbestos or toxic/environmental)

A7210 Medical Malpractice – Physicians & Surgeons

A7240 Medical Malpractice – Other Professional Health Care Malpractice

A7250 Premises Liability (e.g., slip and fall)

A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Page 2 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1      The Court sets the above dates in this action in the PI Court circled above (Department

2  2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3  (C.R.C. Rules 3.714(b)(3), 3.729.)

4  **FILING OF DOCUMENTS**

5  2.     Parties may file documents in person at the filing window on the first floor of the Stanley

6  Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7  which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no

8  longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9  Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10  legally incompetent person, or person for whom a conservator has been appointed, requests to

11  waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12  410), may not be filed via e-Delivery.

13  **SERVICE OF SUMMONS AND COMPLAINT**

14  3.     Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15  soon as possible but no later than three years from the date when the complaint is filed.

16  (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will

17  dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18  or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19  4.     The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20  service on defendant(s) of the summons and complaint within six months of filing the complaint.

21  5.     The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22  party appears for trial.

23  **STIPULATIONS TO CONTINUE TRIAL**

24  6.     Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25  § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26  good cause or articulating any reason or justification for the change.  To continue or advance a

27  trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28  window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Standing Order Re Personal Injury Procedures, Central District

2010-SJ-007-00

1    required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2    LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3    schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to

4    continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5    date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6    court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.

7    (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8    following a court holiday. Parties may submit a maximum of two stipulations to continue trial,

9    for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10   a showing of good cause by noticed motion. This rule is retroactive so that any previously

11   granted stipulation to continue trial will count toward the maximum number of allowed

12   continuances.

13   **NO CASE MANAGEMENT CONFERENCES**

14   7.      The PI Courts do not conduct Case Management Conferences. The parties need not file

15   a Case Management Statement.

16   **LAW AND MOTION**

17   8.      Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule

18   3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts

19   attached as exhibits. (C.R.C. Rule 3.1116(c).)

20   **CHAMBERS COPIES REQUIRED**

21   9.      In addition to filing original motion papers at the filing window on the first floor of the

22   Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23   the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24   Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25   hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26   opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27   or more three-ring binders organizing the chambers copy behind tabs.

28   ///

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.      Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.   Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.      California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.      The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.   The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.      Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1    IDC.

2         If parties do not stipulate to extend the deadlines, the moving party may file the motion

3    to avoid it being deemed untimely.   However, the IDC must take place before the motion is

4    heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5    60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6    Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7    the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8    that complies with the notice requirements of the Code of Civil Procedure.

9    14.   Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10   www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

11   dates in CRS prior to accessing the system.   After reserving the IDC date, the reservation

12   requestor must file in the appropriate department and serve an Informal Discovery Conference

13   Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14   prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15   party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16   least 10 court days prior to the IDC.

17   15.   Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18   resolve other types of discovery disputes.

19   **EX PARTE APPLICATIONS**

20   16.   Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21   showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22   "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23   ex parte." (C.R.C. Rule 3.1202(c).)  The PI Courts have no capacity to hear multiple *ex parte*

24   applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25   Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26   danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27   relief, the moving party should reserve the earliest available motion hearing date (even if it is

28   after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

**Page 6 of 8**

Standing Order Re Personal Injury Procedures, Central District

2010-SJ-007-00

1  the Court Reservation System from time to time because earlier hearing dates may become

2  available as cases settle or hearings are taken off calendar.

3  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4  17.   Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5  Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.

6  mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury

7  Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under

8  the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a

9  "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining whether

10  a personal injury case is "complicated" the PI Courts will consider, among other things, the

11  number of pretrial hearings or the complexity of issues presented.

12  18.   Parties opposing a motion to transfer have five court days to file (at the filing window

13  on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition

14  (using the same LACIV 238 Motion to Transfer form).

15  19.   The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16  Although the parties may stipulate to transfer a case to an Independent Calendar Department, the

17  PI Courts will make an independent determination whether to transfer the case or not.

18  **FINAL STATUS CONFERENCE**

19  20.   Parties shall comply with the requirements of the PI Courts' "First Amended Standing

20  Order Re Final Status Conference," which shall be served with the summons and complaint.

21  **JURY FEES**

22  21.   Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23  complaint. (C. C. P. § 631, subds. (b) and (c).)

24  **JURY TRIALS**

25  22.   The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

26  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

27  will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal

28  Courtrooms.

Page 7 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1    **SANCTIONS**

2    23.    The Court has discretion to impose sanctions for any violation of this general order.

3    (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6    Dated: April 16, 2018

7                                    Debre K. Weintraub
                                     Supervising Judge of Civil Courts
8                                    Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2018-SJ-008-00

**FILED**
Superior Court of California
County of Los Angeles

**APR 16 2018**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Stephanie Chung

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned To the Personal Injury Courts (Departments 2, 3, 4, 5 and 7 of the Spring Street Courthouse) | FIRST AMENDED STANDING ORDER – RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of April 16, 2018) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court HEREBY AMENDS AND SUPERSEDES ITS JANUARY 2, 2018 STANDING ORDER—RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

1.     **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

Page 1 of 5

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

**2.    TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse or by e-Delivery) the following Trial Readiness Documents:

**A.    TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

**B.    MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

**C.    JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(g)(4).

**D.    JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses in alphabetical order by last name that each party intends to call (excluding impeachment and rebuttal witnesses). Local Rule 3.25(g)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination and re-direct examination (if any) of each witness. The

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

1 parties/counsel shall identify all potential witness scheduling issues and special

2 requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified

3 on the witness list must first make a showing of good cause to the trial court.

4     **E.     LIST OF PROPOSED JURY INSTRUCTIONS**

5             **(JOINT AND CONTESTED)**

6             The parties/counsel shall jointly prepare and file a list of proposed jury

7 instructions, organized in numerical order, specifying the instructions upon which all sides

8 agree and the contested instructions, if any.  The List of Proposed Jury Instructions must

9 include a space by each instruction for the judge to indicate whether the instruction was

10 given.

11    **F.     JURY INSTRUCTIONS**

12            **(JOINT AND CONTESTED)**

13            The parties/counsel shall prepare a complete set of full-text proposed jury

14 instructions, editing all proposed California Civil Jury Instructions ("CACI") and insert party

15 name(s) and eliminate blanks and irrelevant material.  The parties/counsel shall prepare

16 special instructions in a format ready for submission to the jury with the instruction number,

17 title, and text only (i.e., there should be no boxes or other indication on the printed

18 instruction itself as to the requesting party).

19    **G.     JOINT VERDICT FORM(S)**

20            The parties/counsel shall prepare and jointly file a proposed general verdict

21 form or special verdict form (with interrogatories) acceptable to all sides.  Local Rule

22 3.25(g)(8).  If the parties/counsel cannot agree on a joint verdict form, each party must

23 separately file a proposed verdict form.

24    **H.     JOINT EXHIBIT LIST**

25            The parties/counsel shall prepare and file a joint exhibit list organized with

26 columns identifying each exhibit and specifying each party's evidentiary objections, if any, to

27 admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve

28 objections to the admissibility of each exhibit.

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

I.    PAGE AND LINE DESIGNATION FOR
DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the line and page designations of the deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

3.    EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit binders may be required by the assigned trial judge when the trial commences.  In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required by all parties/counsel at the FSC.

4.    TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies, tabbed and organized into three-ring binders with a table of contents that includes the following:

Tab A:        Trial Briefs (Optional)

Tab B:        Motions in Limine

Tab C:        Joint Statement to Be Read to the Jury

Tab D:        Joint Witness List

///

Page 4 of 5

1          Tab E:      Joint List of Jury Instructions (identifying the agreed upon and

2   contested instructions)

3          Tab F:      Joint and Contested Jury Instructions

4          Tab G:     Joint and/or Contested Verdict Form(s)

5          Tab H:     Joint Exhibit List

6          Tab I:       Joint Chart of Page and Line Designation(s) for Deposition and Former

7   Testimony

8          Tab J:      Copies of the Current Operative Pleadings (including the operative

9   complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

10         The parties/counsel shall organize motions in limine (tabbed in numerical order)

11   behind Tab B with the opposition papers and reply papers for each motion placed directly

12   behind the moving papers.  The parties shall organize proposed jury instructions behind

13   Tab F, with the agreed upon instructions first in order followed by the contested instructions

14   (including special instructions) submitted by each side.

15       **5.**     **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

16         The court has discretion to require any party/counsel who fails or refuses to comply

17   with this Amended Standing Order to show cause why the Court should not impose

18   monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking

19   of an answer).

20

21

22   Dated: *April 16, 2018*         *Debra K Weintraub*

23                           Debra K. Weintraub

24                           Supervising Judge, Civil

                            Los Angeles Superior Court

25

26

27

28

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

| **SUPERIOR COURT OF CALIFORNIA** | Reserved for Clerk's File Stamp |
|---|---|
| **COUNTY OF LOS ANGELES** | |
| COURTHOUSE ADDRESS: | **FILED** |
| Spring Street Courthouse | Superior Court of California |
| 312 North Spring Street, Los Angeles, CA 90012 | County of Los Angeles |
| | **01/22/2019** |
| **NOTICE OF CASE ASSIGNMENT** | Sherri R. Carter, Executive Officer / Clerk of Court |
| | By: _____ C. Coleman _____ Deputy |
| **UNLIMITED CIVIL CASE** | |
| | CASE NUMBER: |
| Your case is assigned for all purposes to the judicial officer indicated below. | 19STCV01917 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Christopher K. Lui | 4A | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     Sherri R. Carter, Executive Officer / Clerk of Court

on 01/24/2019 _____
   (Date)

By C. Coleman _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex; it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

   In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

   **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

   The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

   In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | FOR COURT USE ONLY |
|---|---|
| Neil Steiner       TELEPHONE NO.: (310) 273-7778 | |
| Steiner & Libo, Professional Corporation   SBN: 98606 | |
| 433 N. Camden Dr., Suite 730, Beverly Hills, CA 90210 | |
| fax number: (310) 273-7679   email: steinlibo@aol.com | |
| ATTORNEY FOR *(name)*: James Stevens | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF: JAMES STEVENS etc.
DEFENDANT: THE NEIMAN-MARCUS GROUP, INC., etc. et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>19STCV01917 |
|---|---|

To *(name of one defendant only)*: The Neiman Marcus Group, LLC
Plaintiff *(name of one plaintiff only)*: James Stevens, a minor by and through his guardian ad litem Tanya Brown
seeks damages in the above-entitled action, as follows:

                                                                AMOUNT

1. General damages
   a. [X] Pain, suffering, and inconvenience ......................................... $ 2,000,000
   b. [ ] Emotional distress. ................................................................. $ _____
   c. [ ] Loss of consortium ................................................................. $ _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ... $ _____
   e. [ ] Other *(specify)* ...................................................................... $ _____
   f. [ ] Other *(specify)* ...................................................................... $ _____
   g. [ ] Continued on Attachment 1.g.

2. Special damages
   a. [X] Medical expenses *(to date)* ................................................... $ 5,000
   b. [X] Future medical expenses *(present value)* ............................... $ 50,000
   c. [ ] Loss of earnings *(to date)* ..................................................... $ _____
   d. [ ] Loss of future earning capacity *(present value)* ..................... $ _____
   e. [ ] Property damage .................................................................... $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* ...................... $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ... $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. [ ] Other *(specify)* ...................................................................... $ _____
   j. [ ] Other *(specify)* ...................................................................... $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
   when pursuing a judgment in the suit filed against you.

Date: 5/2/19

Neil Steiner
(TYPE OR PRINT NAME)                                (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]
**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**
Page 1 of 2
Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov
Westlaw Doc & Form Builder®

PLD-PI-001

| SHORT TITLE: Stevens v. The Neiman-Marcus Group, Inc. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☒ Other (specify): Strict Liability (See attachments, pages six, seven and eight)

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage (specify): Plaintiff was injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and also severe emotional and mental injury, all of which caused and continue to cause great physical, mental, emotional, nervous pain and suffering. Plaintiff, has incurred and continues to incurr medical bills. As a result Plaintiff has been damaged in an extent not yet known, but exceeding the unlimited jurisidiction of the Superior Court.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows: (specify paragraph numbers):
   ALL PARAGRAPHS

Date: January 4, 2019

Neil S. Steiner, Esq.
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 (Rev. January 1, 2007)        COMPLAINT—Personal Injury, Property        Page 3 of 3
                                         Damage, Wrongful Death